**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 113155

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Steven Beyer, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     vs.<br><br>Gold Key Credit, Inc.,<br><br>     Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Steven Beyer, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Gold Key Credit, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## PARTIES

5. Plaintiff Steven Beyer is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Gold Key Credit, Inc., is a Florida Corporation with a principal place of business in Hernando County, Florida.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated March 3, 2017. (**Exhibit 1.**)

15. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

17. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

18. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

19. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

20. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably

susceptible to an inaccurate reading by the least sophisticated consumer.

21. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

22. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

23. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

24. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

25. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

26. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

27. The Letter fails to identify by name and label any entity as "creditor," "current creditor," "account owner," or "creditor to whom the debt is owed."

28. The Letter identifies only an "Original Creditor."

29. The "Original Creditor" is identified as "Siena Emergency Medical Svc PC."

30. The Letter states that Defendant "is now the servicer of this account."

31. The Letter states that all communication must be addressed to Defendant.

32. The Letter states that all payments must be made to "Gold Key Credit, Inc."

33. The Letter fails to state who Defendant represents.

34. The Letter fails to state what "servicer" means.

35. The least sophisticated consumer would likely be confused as to whether the creditor to whom the debt is owed is "Siena Emergency Medical Svc PC," or "Gold Key Credit, Inc," or some other entity.

36. The least sophisticated consumer would likely be uncertain as to whether the creditor to whom the debt is owed is "Siena Emergency Medical Svc PC," or "Gold Key Credit, Inc," or some other entity.

37. Defendant failed to explicitly state the name of the creditor to whom the debt is

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

owed.

38. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

39. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

40. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

41. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

42. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

43. The least sophisticated consumer would likely be deceived by the Letter.

44. The least sophisticated consumer would likely be deceived in a material way by the Letter.

45. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

46. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter materially identical to the Letter herein, from one year before the date of this Complaint to the present.

47. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

48. Defendant regularly engages in debt collection.

49. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter materially identical to the Letter herein.

50. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over

4

any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

51.   The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

52.   Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

53.   Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a.   Certify this action as a class action; and

b.   Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c.   Find that Defendant's actions violate the FDCPA; and

d.   Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e.   Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

   f. Grant Plaintiff's costs; together with

   g. Such other relief that the Court determines is just and proper.

DATED: October 17, 2017

               **BARSHAY SANDERS, PLLC**

               By: _/s/ *Craig B. Sanders*_____
               Craig B. Sanders, Esq.
               100 Garden City Plaza, Suite 500
               Garden City, New York 11530
               Tel: (516) 203-7600
               Fax: (516) 706-5055
               csanders@barshaysanders.com
               *Attorneys for Plaintiff*
               Our File No.: 113155